**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURIGUARD, INC., <br> 6858 Old Dominion Drive, Suite 307 <br> McLean, VA  22101 <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED GOVERNMENT SECURITY <br> OFFICERS OF AMERICA, LOCAL 276, <br> on behalf of KWABENA SAWYER <br> SERVE: <br> Jack J. Canzoneri, Esq. <br> McDonald Lamond Canzoneri <br> 352 Turnpike Road, Suite 210 <br> Southborough, Massachusetts 01772 <br> *Counsel for Defendant* <br><br> *Defendant*. | C.A. No. 1:20-cv-00156 |

**COMPLAINT TO VACATE ARBITRATION AWARD**

Plaintiff Securiguard, Inc. ("Securiguard"), through counsel, hereby petitions this Court for the entry of an Order vacating the Arbitration Award issued by Arbitrator William Lowe on October 23, 2019 ("Award"), concerning a grievance filed by the Defendant United Government Security Officers of America, Local 276 ("Union") on behalf of Kawbena Sawyer ("Grievant" or "Sawyer").

For the reasons explained herein, the Award should be vacated.

**NATURE OF THE CASE**

On June 1, 2018, while assigned as Special Police Officer (i.e., an armed security guard) to Post 3 at the Thurgood Marshall Federal Judiciary Building, Sawyer's foremost duty was to prevent unauthorized persons from going down the entry and exit ramps and into the building's

1

parking garage. The evidence presented at the hearing demonstrated that Sawyer completely failed to fulfill this responsibility when he permitted an unauthorized person to walk down the ramps and into the parking garage of the building (after the person had walked directly in front of the guard booth at the top of the driveway, which Sawyer was staffing at the time). In so doing, Sawyer committed Level Two Offenses, as set forth in the applicable Collective Bargaining Agreement ("CBA"). Moreover, the bargained-for provisions of the CBA plainly provided that commission of a Level Two Offense "<u>shall subject</u> an employee to <u>immediate discharge</u>." (Emphasis added.)

The Arbitrator concluded, based upon the indisputable nature of the evidence at the hearing, that Securiguard correctly determined that Sawyer had committed Level Two Offenses. Despite this, the Arbitrator wholly disregarded the plain language of the CBA (commission of a Level Two offense "shall subject an employee to immediate discharge") and proceeded to dispense his own notion of industrial justice, in direct contravention of the CBA, by reducing the discharge to a 10-day suspension.

While the Arbitrator acknowledged that pursuant to the plain language of the CBA, his role was "limited to (1) determining whether a Level Two offense had been committed, and (2) strictly construing Article 17 of the CBA without consideration of any special circumstances or excuses of the affected employees", he impermissibly ignored this bargained-for, limited review and proceeded to institute his own brand of industrial justice even though the penalty of discharge was plainly required by the CBA. Because applicable, Federal common law precludes arbitrators from disregarding the plain language of a CBA and substituting their own brand of industrial justice in place of what a CBA requires – which is precisely what occurred in this instance – the Award should be vacated.

## THE PARTIES

1. Securiguard provides critical armed and unarmed security services to government and commercial clients in the Washington, D.C., metropolitan area, and at other locations across the country. Securiguard is responsible for the safety and security of many highly sensitive, safety-critical government installations, including the Thurgood Marshall Federal Judiciary Building in Washington, D.C.

2. Securiguard is an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §§ 142(3) and 152(2), 29 U.S.C. § 185(a).

3. Securiguard is engaged in commerce and its activities affect commerce within the meaning of Section 2(6) and 2(7) of the LMRA, 29 U.S.C. § 152(6) and (7).

4. Local 267, at the time of events relevant to this case, represented a unit of employees who were employed by Securiguard at the Thurgood Marshall Federal Judiciary Building in Washington, D.C., including Sawyer.  Local 276 is a labor organization within the meaning of the NLRA, 29 U.S.C. §§ 142(3) & 152(5) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to Section 301(a) of the LMRA, as amended 29 U.S.C. § 185(a) ("LMRA").  This action is also brought pursuant to D.C. Code § 16-4401 *et seq*. ("D.C. Arbitration Act").

6. Pursuant to 28 U.S.C. § 1391(b)(2), as, well as 29 U.S.C. § 185, venue is appropriate in this Court, because the events which led to Sawyer's discharge from Securiguard

occurred primarily within the District of Columbia, and because the arbitration proceeding at issue was held within the District of Columbia.

## FACTS

7. Securiguard and Local 267 are parties to a CBA which was in effect and applicable during the events in question relating to the discharge of Sawyer from employment, and the Union's grievance relating thereto.

8. Securiguard's business is to ensure the safety of the buildings, property, and employees of the governmental and corporate clients for which it provides its services. Failure to fulfill those obligations can place the property and employees of its clients at significant risk of harm. Moreover, failure to fulfill those obligations can harm Securiguard's relationships with its customers.

9. Article 17, Section 17.04 of the CBA reflects the bargained-for agreement of Securiguard and the Union concerning the types of conduct that constitutes "Level Two Offenses." This provision provides that Level Two Offenses include, but are not limited to, the following offenses:

> **B.    Level Two (2) Offense(s):**
>
> b.   Neglect of duty or failure to perform duties (including sleeping while on duty, insubordination, including deliberate failure to carry out assigned tasks, conducting personal affairs during official time).
>
> c.   Breach of security.
>
> m.   Sleeping or being inattentive while on duty.

10. Section 17.04 of the CBA provides that an employee who is found to have committed a Level Two Offense shall be terminated, to wit:

Section 17.04
Subject to the foregoing, the following offenses, <u>shall subject</u> an employee to <u>immediate</u> <u>Discharge</u> . . . .

11. Further, the CBA makes it clear that each employee is to be judged on the merits of their own, unique case. Section 17.05 provides that offenses "shall be strictly construed without consideration of any special circumstances or excuses of an affected employee and no exceptions shall be made from the provisions described in this Article. There will be no chances beyond the above provisions."

12. Article 11 of the CBA provides for arbitration for grievances between the parties which have not been resolved. The limited authority of an arbitrator is explained in section 11.05, as follows:

> "The arbitrator's authority shall be limited to finding a direct violation of the express purpose of the Contract provision or provisions in question rather than an implied or indirect purpose. The arbitrator **cannot modify, amend, or, detract from or alter the provisions of this Contract, nor substitute his/her judgment for that of management**." (Emphasis added)

13. Sawyer was employed by Securiguard as an armed Special Police Officer at the Thurgood Marshall Federal Judiciary Building from 2007 to 2011, then from 2012 to 2018. Sawyer's job responsibilities included manning security posts on the perimeter of the building, where he would monitor and authorize personnel to enter the building.

14. On June 1, 2018, Sawyer was assigned to Post 3, which was located at the top of the entry and exit ramps leading to the underground parking garage for the facility. The guard booth for Post 3 faces the street and sidewalk, and through the glass panels on all four sides of the booth, it provides a guard who is inside the booth to fully monitor what is happening in front of, behind, and to each side of the booth.

15. On June 1, 2018, while assigned to Post 3, Sawyer completely failed to fulfill this responsibility when he permitted an unauthorized person to walk down the ramps and into the parking garage of the building (after the person had walked directly in front of the guard booth at the top of the driveway, which he was manning at the time).

16. Once Securiguard learned of this, and after investigating the situation, Securiguard concluded that Sawyer had committed Level Two Offenses, and discharged him from employment with the company.

17. Subsequent thereto, the Union filed a grievance on behalf of Sawyer, and after the case was not resolved, the Union invoked arbitration pursuant to Article 11 of the CBA.

18. A hearing was held before the Arbitrator on June 7 and July 15, 2019, and evidence was presented therein.

19. The Arbitrator subsequently issued an Award, through which he concluded that Securiguard correctly determined that Sawyer had committed Level Two Offenses. To that end, the Arbitrator stated as follows:

> "Yes, Sawyer did what the Employer said he did. He violated the CBA, Section 17.04 (B), subparagraphs b, c, and m…"

20. Despite this, the Arbitrator wholly disregarded the plain language of the CBA (commission of a Level Two offense "shall subject an employee to immediate discharge") and proceeded to dispense his own notion of industrial justice, in direct contravention of the CBA, by reducing the discharge to a 10-day suspension.

21. While the Arbitrator acknowledged that pursuant to the plain language of the CBA, his role was "limited to (1) determining whether a Level Two offense had been committed, and (2) strictly construing Article 17 of the CBA without consideration of any special circumstances or excuses of the affected employees", he impermissibly ignored this bargained-for, limited review

and proceeded to institute his own brand of industrial justice even though the penalty of discharge was plainly required by the CBA.

22. In so doing, the Arbitrator stated, "I feel compelled to view the entire matter notwithstanding the fact that the CBA, Section 17.05 states:

> "This Article shall be strictly construed without consideration of any special circumstances or excuses of an affected employee and no exceptions shall be made from the provisions described in this Article. There will be no chances beyond the above provisions."

The Arbitrator wrongfully proceeded to apply a broad just cause analysis, purportedly based upon Section 17.01 of the CBA ("No employee who has completed the probationary period shall be suspended or discharged without just cause"). However, application of this impermissibly broad, just cause standard was clearly prohibited by the bargained-for language of the CBA in relation to Level Two Offenses (Section 17.04 – "Subject to the foregoing, the following offenses, **shall subject** an employee to **immediate discharge** . . . .").

23. In so doing, the Arbitrator wholly disregarded the plain language of the CBA, and substituted his own notion of industrial justice by impermissibly reducing the penalty of discharge to that of a ten-day suspension. Language used in various portions of the Award make clear that such is what impermissibly occurred in this case.

## COUNT I

### THE ARBITRATION AWARD SHOULD BE VACATED BECAUSE THE ARBITRATOR WHOLLY DISREGARDED THE PLAIN LANGUAGE OF THE PARTIES' BARGAINED-FOR COLLECTIVE BARGAINING AGREEMENT

24. Securiguard hereby repeats and incorporates by reference the allegations of Paragraphs 1 – 23 as part of Paragraph 24.

25. The CBA is binding on Securiguard and the Union.

26. The CBA is clear and unambiguous as to the types of offenses which constitute Level Two Offenses, as well as the narrow scope of inquiry and analysis that an arbitrator may use in his analysis of a grievance filed in relation to such offenses.

27. The CBA makes clear that Level Two Offenses include the offenses of neglect of duty, breach of security, or sleeping or being inattentive on duty. It is likewise clear that the penalty for committing one or more of these infractions is discharge.

28. The Arbitrator concluded that in fact, Sawyer had committed the Level Two Offenses of neglect of duty, breach of security, or sleeping or being inattentive on duty.

29. The plain language of the CBA provides that an employee who is found to have committed Level Two Offense(s) "shall subject [the employee] to immediate discharge."

30. The Arbitrator wholly ignored this clear an unambiguous requirement of the CBA by impermissibly reducing the penalty of discharge to that of a ten day suspension.

31. In so doing, the Arbitrator violated applicable law by disregarding the plain language of the CBA and imposing a penalty other than what was bargained-for by the parties in the CBA. As a result, Securiguard will be damaged if forced to comply with the terms of the Award and thereof, the Award and the remedy set forth therein should be vacated and set aside.

### COUNT II
### THE ARBITRATION AWARD SHOULD BE VACATED BECAUSE THE ARBITRATOR UNLAWFULLY DISPENSED HIS OWN BRAND OF INDUSTRIAL JUSTICE

32. Securiguard hereby repeats and incorporates by reference the allegations of Paragraphs 1 – 31 as part of Paragraph 32.

33. The Arbitrator acknowledged his duty to abide by the terms of the CBA, yet disregarded the clear and unambiguous language of the CBA by purportedly being "guided" by factors relating to the penalty which the parties had never bargained-for in the CBA.

34.     These impermissible factors used by the Arbitrator included application of a much broader, just-cause analysis than was permitted by the plain language of the CBA.  Additionally, the Arbitrator impermissibly considered what he described as mitigating factors, which was expressly prohibited by the plain language of the CBA.

35.     The Arbitrator wholly disregarded the bargained-for penalty of discharge because of the findings that Sawyer had committed Level Two Offenses, in order to render a severely reduced penalty that he felt was appropriate under the circumstances (despite the plain language of the CBA that required discharge).

36.     In so doing, the Arbitrator violated applicable law and impermissibly applied his own brand of industrial justice.  Moreover, because the Award does not draw its essence from the CBA and is the result of the Arbitrator's own brand of industrial justice, Securiguard will be damaged if forced to comply with the terms of the Award and thereof, the Award and the remedy set forth therein should be vacated and set aside.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Securiguard respectfully requests that this Court enter judgment:

1. To vacate, declare null and void, and set aside the Arbitrator's Award and the remedy ordered therein, which requires Securiguard to expunge Sawyer's termination, and substitute in its place a ten-day suspension; and

2. Any other relief that the court deems fair and just, including but not limited an award of Securiguard's reasonable attorneys' fees and costs.

Respectfully submitted,


*/s/ John B. Flood*
John B. Flood, DC Bar No. 500069
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel:  (202) 887-0855
Fax:  (202) 887-0866
john.flood@ogletreedeakins.com

*Counsel for Plaintiff Securiguard, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of January, 2020, I electronically filed the Complaint to Vacate Arbitration Award, Civil Cover Sheet and Summons with the Clerk of the Court using the CM/ECF system, and served a copy of the foregoing by electronic mail and Federal Express on the following:

Jack J. Canzoneri, Esq.
McDonald Lamond Canzoneri
352 Turnpike Road, Suite 210
Southborough, Massachusetts 01772
Email address: jcanzoneri@masslaborlawyers.com
Tel.: (508) 485-6600 Voice (ext. 105)
*Counsel for Defendant UGSOA Local 276*

>   */s/ John B. Flood*
>   John B. Flood, DC Bar No. 500069
>   *Counsel for Plaintiff Securiguard, Inc.*